UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SWIFT ENERGY COMPANY AND SWIFT ENERGY OPERATING, LLC, AS OWNER AND OPERATOR OF THE MOTOR VESSEL SEA RAIDER, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.  13-5552<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

### OBJECTION TO MAGISTRATE JUDGE'S ORDER ON LIMITATION PLAINTIFFS' MOTION TO COMPEL

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come Limitation Plaintiffs, Swift Energy Company and Swift Energy Operating, LLC ("Swift") and object to the Magistrate Judge's Order denying without reasons Swift's motion compel each Limitation Claimant which submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center arising out of the BP Macondo Oil Well Spill to produce the documentation and information submitted along with that claim. (Rec. Doc. 144).

1

PD.16519511.1

For the reasons set forth more fully in the attached memorandum in support, and in accordance with 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.2, Swift submits that the following portion of the Magistrate Judge's Order was in error:

> The motion is denied as to Interrogatory No. 9 and Request for Production No. 6. All objections are sustained, and no further responses to these two discovery requests need by provided.

No reasons were given by the Magistrate Judge for this holding. Therefore, Swift prays that the Court will review the merits of its Motion to Compel *de novo* taking into consideration the issues raised by this objection, and compel the Limitation Claimants to respond without delay to Swift's request for documentation and information submitted by the Limitation Claimants along with any claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center as such relates to their claims of physical damage, which Swift contends, if any, pre-existed the CM 183 spill, and to their claims for economic loss, to the extent Limitation Claimants alleged in the BP Macondo spill litigation that their oyster beds would be unharvestable as of February 2013, when the CM 183 spill occurred.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:  */s/ Evans Martin McLeod*
Evans Martin McLeod (Bar #24846)
Meredith W. Blanque (Bar #32346)
Adam N. Davis (Bar #35740)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  mcleodm@phelps.com
meredith.blanque@phelps.com
adam.davis@phelps.com

ATTORNEYS FOR PLAINTIFF SWIFT ENERGY COMPANY AND SWIFT ENERGY OPERATING, LLC


### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this 28th day of January, 2015 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Evans Martin McLeod*
EVANS MARTIN MCLEOD
MEREDITH W. BLANQUE
ADAM N. DAVIS

PD.16519511.1