UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SWIFT ENERGY COMPANY AND SWIFT ENERGY OPERATING, LLC, AS OWNER AND OPERATOR OF THE MOTOR VESSEL SEA RAIDER, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.  13-5552<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S ORDER ON LIMITATION PLAINTIFFS' MOTION TO COMPEL

MAY IT PLEASE THE COURT:

    Swift Energy Company and Swift Energy Operating, LLC's ("Swift") assessment of the damages asserted by the Limitation Claimants, and its ability to evaluate adequately the potential for settlement and/or to defend itself against those claims has been hampered by the Magistrate Judge's Order denying *without reasons* Swift's motion compel each claimant which submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center arising out of the BP Macondo Oil Well Spill to produce those submissions (Rec. Doc. 144). The requested submissions are reasonably calculated to lead to the discovery of admissible evidence for two reasons.  First, Swift contends that it did not cause any physical damage to the oyster leases at

1

issue but to the extent these oyster leases had sustained any physical damage, such was caused by the BP Macondo spill.  Second, Swift contends that to the extent the oyster leaseholders admitted and/or contended in the BP Macondo litigation that such had hindered and/or precluded their ability to develop and/or harvest oysters as of the time of the CM 183 spill on February 2013, such information is relevant to their claims for economic loss in this matter.  So, Swift respectfully requests that the Magistrate Judge's Order be reversed in part, and that the Limitations Claimants be ordered to respond to Swift's Interrogatory No. 9 or Request for Production No. 6 without objection.

I.  **FACTUAL BACKGROUND**

Limitation Claimants seek to recover from Swift for physical damage to oyster beds and water bottoms affected by an incident that occurred on February 26, 2013 when Swift's M/V SEA RAIDER struck the Lake Washington Field CM 183 Well in Barataria Bay causing a limited amount of oil and produced water to be released into the Lake Washington Field to the South and East of the CM 183 Wellsite ("the CM 183 spill").  Specifically, the CM 183 Well released 76 barrels of crude oil and 76 barrels of processed water. The majority of the crude oil was recovered promptly, and only half of one (1) barrel of crude oil was lost in the waters surrounding the wellhead. *See* Exhibit "A".

It is undisputed that this area in Barataria Bay was previously impacted by the BP Macondo Oil Well Spill and subsequent spill response efforts that Judge Barbier has held resulted in a spill of approximately 3.19 million barrels of oil.  So, as a result of this 2010 incident, Limitation Claimants submitted physical damages and economic loss claims to the Gulf

Coast Claims Facility and/or the Deepwater Horizon Claim Center for these exact same oyster leases.

Here, Limitation Claimants also allege that the CM 183 spill caused physical damage to their leases. *See e.g.* Lepetich Claim Rec. Doc. No. 11, at Paragraph 30. Swift contends that any physical damage claimed by the Limitation Claimants was not caused by the CM 183 spill but instead by the BP Macondo Oil Spill and subsequent cleanup response efforts. For this reason, Swift propounded the following discovery requests:

> **INTERROGATORY NO. 9:**
>
> If you submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center arising out of the BP Macondo Oil Well Spill, please state your claim number(s); identify all documents your prepared and submitted in connection with your claim; and identify the total amount you received.
>
> **REQUEST FOR PRODUCTION NO. 6:**
>
> If you submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center arising out of the BP Macondo Oil Well Spill, please and produce all documents and information that you submitted to support your claim; all documents received from the Gulf Coast Claims Facility in response to your claim; and all documents evidencing your settlement of said claim.

The universal response to these requests was that the information and documents were irrelevant and confidential. *See* Rec. Doc. 80-2 – 80-3, Rec. Doc. 132, p. 3-5. Yet, no privilege log was produced and Limitation Claimants did not seek a confidentiality order, to which Swift would obviously agree.

Swift moved to compel these responses (Rec. Doc. 128), but *without reasons*, the Magistrate Judge held that the Limitation Claimants' objections were sustained and that this

aspect of Swift's motion was denied. This holding was in error and contrary to law, and should be overturned.

## II.     LAW & ARGUMENT

A magistrate judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law, such that factual findings are reviewed under a clearly erroneous standard or legal conclusions are reviewed *de novo*. 28 U.S.C. § 636(B)(1)(A). Where, as here, the Magistrate Judge's Order does not offer a reasoned explanation for its decision, "it is incumbent on the Court to check the adopted findings against the record 'with particular, even painstaking, care.'" *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding **any** nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). This Court has held previously that "[t]he **only** relevant exception to the scope of discovery rule is when the material to be discovered is covered by a privilege." *Glaze v. G & B Marine, Inc.*, No. 95-1845, 1997 WL 20738, *1 (E.D. La. Jan. 16, 1997) (Fallon, J.) (emphasis added). Limitation Claimants did not object to responding to Interrogatory No. 9 or Request for Production No. 6 on grounds of any privilege. Rather, they

4

refused to provide Swift with a response based on a claim that the requested information and documents was irrelevant and confidential.

Both objections lack merit and should have been rejected by the Magistrate Judge.

First, Swift knows that the Court is well aware that "[t]he relevance standard for purposes of discovery is necessarily broad to encompass any matter that bears on, or that reasonably to other matter that could bear on, any issue that is or may be in the case." This includes "[a] variety of types of information not directly pertinent to the incident in suit [that] could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product", such as prior oil spills affecting the same oyster leases made the subject of this litigation. Wright & Miller, *Relevancy to the Subject Matter— Admissibility Not Required*, 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed.). Here, Limitation Claimants allege physical damage to their oyster leases. Swift denies any physical damage occurred and maintains that any physical damage was not caused by the CM 183 spill, but by reason of the BP Macondo spill. The information requested seeks documentation from Limitation Claimants related to their damages from the 2010 BP Macondo spill. Limitation Claimants are required to segregate their oil pollution damages from the BP Macondo spill, but by refusing to respond to this discovery, prevents Swift from investigating the extent of their pre-existing damages. Second, the requested information is reasonably calculated to lead to the discovery of evidence because Limitation Claimants may have alleged the BP Macondo spill would preclude them from oyster harvesting for many years, including the February 2013 time frame when the CM 183 spill occurred. Such information is relevant to the extent that each Limitation Claimant was harvesting oysters as of February 2013. Significantly, to date, not one

Limitation Claimant has been able to produce any documentation regarding how many bags of oysters they were harvesting from their leases of as February 2013. Clearly, this information is not only relevant but also easily satisfies the lower discovery threshold, i.e. that it is reasonably calculated to lead to the discovery of admissible evidence.

Second, Limitation Claimants' argued that this information is in some way confidential or not subject to disclosure. A reading of the protective orders (Civil Action No. 10-2179, Rec. Doc. Nos. 6573 and 6822) referenced by the Limitation Claimants reveals that the orders pertained to the implementation of the settlement agreement and were intended to prevent BP, the Gulf Coast Claims Facility, and the Claims Administrator from releasing Limitation Claimants' personal information. Nothing in those orders can be read to prevent the Limitation Claimants from independently disclosing that information to Swift in this case.

Limitation Claimants' objections "essentially go to the admissibility of the [ ] information at trial and not to its discoverability", and similar objections based on "relevancy" and "confidentiality" have been rejected by this Court. *Glaze*, 1997 WL 20738, at *1. As Your Honor held in *Glaze v. G & B Marine, Inc.*, "[t]he scope of discovery is not so limited. The information sought [ ] need not be admissible at trial and only needs to appear to be reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Swift's Interrogatory No. 9 or Request for Production No. 6 meets this test, because, as Swift argued in support of its motion to compel, "the information and documents requested are reasonably calculated to lead to discovery of admissible evidence because these same claimants produced statements and documentation in support of similar claims related to these exact oyster leases", and Swift needs that information and documentation "in order to determine to what

extent the limitation claimants' physical damages were caused by the 2010 Deepwater Horizon oil spill and recovery efforts as differentiated from any alleged physical damages caused by this February 26, 2013 incident." Rec. Doc. 143, p. 3-4.

Finally, Swift notes that as a practical matter, Limitation Claimants' refusal to provide this information voluntarily will result in a significant impediment to any settlement negotiations. Until Limitation Claimants can evidence that they actually sustained damages caused by the CM 183 spill as opposed to the 2010 BP Macondo spill, Swift will not be able to pursue a reasonable resolution of this case.

### III. CONCLUSION

Because Limitation Claimants allege physical damage and economic loss caused by oil to their oyster leases as a result of the CM 183 spill, the Magistrate Judge abused his discretion by not allowing Swift to conduct discovery from Limitation Claimants on the extent of their alleged physical damages and economic losses caused by the BP Macondo Spill. Swift prays that the Court overrule this decision and compel Limitation Claimants to produce all documentation submitted to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center regarding the BP Macondo Spill.

<␊</␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊<␊

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Evans Martin McLeod*
Evans Martin McLeod (Bar #24846)
Meredith W. Blanque (Bar #32346)
Adam N. Davis (Bar #35740)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  mcleodm@phelps.com
        meredith.blanque@phelps.com
        adam.davis@phelps.com

ATTORNEYS FOR PLAINTIFF SWIFT ENERGY COMPANY AND SWIFT ENERGY OPERATING, LLC

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed on this 28th day of January, 2015 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Evans Martin McLeod*
EVANS MARTIN MCLEOD
MEREDITH W. BLANQUE
ADAM N. DAVIS