UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SWIFT ENERGY COMPANY AND SWIFT ENERGY OPERATING, LLC, AS OWNER AND OPERATOR OF THE MOTOR VESSEL SEA RAIDER, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION 13-5552 c/w 14-0276 <br><br> JUDGE FALLON <br><br> MAG. JUDGE WILKINSON <br><br><br> THIS PLEADINGS APPLIES TO ALL CASES |

**CLAIMANTS' JOINT MEMORANDUM IN OPPOSITION TO SWIFT'S OBJECVTION TO MAGISTRATE JUDGE'S ORDER ON LIMITATION PLAINTIFFS' MOTION TO COMPEL**

NOW INTO COURT, through undersigned counsel, come all Claimants who file this Memorandum in Opposition to the Objection to magistrate Judge's Order on Limitation Plaintiffs' Motion to Compel (Rec. Doc. 150) filed by Limitation Plaintiffs, Swift Energy Company and Swift Energy Operating, LLC.

Limitation Plaintiffs, Swift Energy Company and Swift Energy Operating, L.L.C., ("Swift") filed the Objection (Rec. Doc. 150) regarding the Magistrate Judge's Order (Rec. Doc. 144) denying Limitation Plaintiff's Motion to Compel documentation regarding the Claimants' claims submitted to the Gulf Coast Claims Facility ("GCCF") and/or the Deepwater Horizon Claim Center ("DWHCC").

1.     **Swift Has Failed to Show the Order is Clearly Erroneous or Contrary to Law.**

Rule 72 of the Federal Rules of Civil Procedure permits a district judge to modify or set aside an order of a magistrate judge "that is clearly erroneous or is contrary to law."  A magistrate's discovery order can be set aside only if it is found to be clearly erroneous or contrary

to law.[1]  The standard of review applied on district court reconsideration of magistrate judge's ruling on pretrial discovery motion is whether order is "clearly erroneous or contrary to law" and, thus, orders that involve discretion are ordinarily not subject to reconsideration.[2]

In the Objection filed by Swift, Swift has not provided any basis for which the Magistrate Judge's Order is "clearly erroneous or … contrary to law."  Rather, the Objection merely rehashes the same arguments provided to the Magistrate Judge in Swift's First Motion to Compel (Rec. Doc. 80) and Swift's Second Motion to Compel (Rec. Doc. 128).  Swift's Objection fails to meet its burden of proving that the Order of the Magistrate Judge is outside his discretion and "clearly erroneous or … contrary to law."  As a result, Swift's request should be denied.

**2.     Swift is Not Entitled to the Irrelevant and Confidential DWHCC Claim Documents.**

Swift seeks to modify the Magistrate Judge's Order and obtain from the Claimants documentation and information regarding the Claimants' settlement claims in the matter *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, 2:10-md-02179-JB-SS (E.D. La.) filed with the GCCF and/or DWHCC.  Claimants objected to these requests as irrelevant.  Additionally, Judge Barbier deemed such documents confidential.  Further, Judge Barbier has retained jurisdiction regarding the release of any such documentation.  As a result, this Honorable Court should deny Swift's Motion to Compel.

     A.     GCCF / DWHCC Claims Documentation is Irrelevant to the Swift Accident.

Swift seeks production of the GCCF and DWHCC claims documents submitted by the Claimants as part of the BP Settlement Agreement (E.D. La. 2:10-md-02179-CJB-SS, Rec. Doc.

---

[1] *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 59 (D.C.R.I. 2/18/81). See also, *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 511 (S.D. N.Y. 2/11/13), appeal withdrawn. ("A magistrate judge's ruling on a non-dispositive matter, including a discovery dispute, may be set aside only if the district court determines the ruling to be clearly erroneous or contrary to law.")

[2] *U.S. v. Gioia*, 853 F.Supp. 21, 25-26 (D. Mass. 5/19/94).

6276), which Swift alleges that the requested claim information "pertains to a similar claim previously filed by these claimants, and will show what supporting documents these claimants have to prove that they incurred physical and/or monetary damages when the M/V SEA RAIDER struck the Lake Washington Field CM 183 Well on February 26, 2013." (Rec. Doc. 128-2, p. 6.) Contrary to Swift's assertions, the GCCF and DWHCC claim process has nothing to do with the incident and damages caused by Swift on February 26, 2013. Swift has already attempted unsuccessfully to have this action mirror the BP Oil Spill Litigation. (*See* Rec. Docs. 10, 13, and 17.) This Honorable Court has rejected that notion and refused to order the Claimants to submit a claim form and produce the tax records and financial documents required by the BP Settlement Agreement.

The BP Settlement Agreement is a class action settlement in which the Plaintiffs' Steering Committee agreed to settle the claims of participating claimants based upon agreed formulas and claim maps. Oyster leaseholders received a Leasehold Interest Compensation based on the ownership and location of each lease. The BP Settlement Agreement (E.D. La. 2:10-md-02179-CJB-SS, Rec. Doc. 6276-22) does not require oyster leaseholders to provide any evidence of physical damages to their oyster leases. Based on the language of the BP Settlement Agreement and the fact that this incident occurred three years after the BP Oil Spill, the GCCF and DWHCC claims documents will not contain any information regarding the damages resulting from the Swift incident.

As a result, the information and documentation submitted by Claimants to DWHCC is irrelevant to the damages caused by Swift on February 26, 2013. Therefore, this Honorable Court should deny the Motion to Compel. In addition, the DWHCC claims documentation is confidential, as ordered by Judge Barbier.

B.  Judge Barbier Has Ordered All Claims Documents Confidential and Retained Jurisdiction Regarding the Release of the Claims Documents.

On May 22, 2012, Judge Carl Barbier issued an Order Regarding Settlement Implementation (E. D. La. 2:10-md-02179-CJB-SS, Rec. Doc. 6573).  The Order provides that, "Claims Information is deemed 'confidential' under Pre-Trial Order No. 13."  Further, on June 29, 2012 Judge Carl Barbier issued an Order (E.D. La. 2:10-md-02179-CJB-SS, Rec. Doc. 6822) regarding the confidentiality of claim information, in which he declared, "[a]ll Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court."  Finally, the Order (Rec. Doc. 6822) provided, "[t]his Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order."

As order by Judge Barbier, the GCCF and DWHCC claims documentation is confidential and not subject to the fishing expedition of Swift.  Judge Barbier has ordered that the GCCF and DWHCC claims documents not be disclosed except by an order of the Court.  Further, Judge Barbier has retained jurisdiction regarding interpretation, implementation and enforcement of the confidentiality order.

As a result of the foregoing orders, Swift is not entitled to the Claimants' GCCF and DWHCC claim documents.  Swift is required to obtain the authority of Judge Barbier regarding the disclosure of such information.  As a result, this Honorable court should deny Swift's request.

For these reasons, Claimants move this Honorable Court to deny the Objection to Magistrate Judge's Order on Limitation Plaintiffs' Motion to Compel (Rec. Doc. 150) filed by Limitation Plaintiffs, Swift Energy Company and Swift Energy Operating, LLC.

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

   /s/ Corey E. Dunbar
GEORGE PIVACH, II (10798)
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
firm@pivachlaw.com
Counsel for Claimants, Mathew J. Lepetich, M. J. Lepetich Oysters, L.L.C., M. J. Lepetich Marine, L.L.C. Braco Madjor, Edward Kurtich, Michelle Baralt, Shallow Reef Partnership, Muddy Waters, Madjor & Madjor, KBM Leases, Braco Madjor and Ivo Bilich Partnership, Bilich, Kurtich & Madjor Partnership, Kurtich & Madjor Partnership, Braco Madjor & Ivo Bilich, Pavo Rilovich & Braco Madjor, Boat Chu Chuu, L.L.C., M/V Chicago, L.L.C., Kuzma I. Tesvich, Jr., Ivo A. Tesvich, Tesvich Oyster Corporation, Kuzma Seput, Marija Seput, Seput Industries, L.L.C. Jurisich Oysters, L.L.C., Mitchell B. Jurisich, Jr., Frank J. Jurisich, Dannell B. Jurisich, Grasshopper Oysters, Inc., Prince Charming, Inc., and Danica Ansardi

AND

BECNEL LAW FIRM, LLC

   /s/ Daniel E. Becnel
Daniel E. Becnel, Jr. (2926)
Salvadore Christina (27198)
P.O. Drawer H
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile: 985-536-6445
Counsel for Kuzma and Penelope Petrovich

AND

SCHEUERMANN & JONES, LLC

   /s/ Joshua L. Rubenstein
LAWRENCE BLAKE JONES (7495)
JOSHUA L. RUBENSTEIN (25229)
DAVID C. WHITMORE (17864)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
Jones@nola-law.com
Jrubenstein@nola-law.com
Dcw@nola-law.com
Counsel for Claimants, Terrance M. Shelley, The Terry Shelley & Henry McAnspy Partnership, The Shelley Co., Inc., Terry's Oysters, Inc., Brandi M. Shelley And Terri Lynn Shelley

AND

   /s/ V. Jacob Garbin
V. JACOB GARBIN (27808)
2018 Prytania Street
New Orleans, Louisiana 70130
Telephone: (504)522-3220
Facsimile: (504)568-1408
jacob@wsvjr.com
Counsel for Vatroslav Garbin, Valerie L. Garbin, Europe II Oysters, Inc., Capt. Jacob, Inc., Mario Vodopic, Vodopic, Inc., Anton Popich, Mary Zibilich, Anna Zibilich, Kuzma Zibilich, Stanka Zibilich, Danijel Dekovic, Vanessa Dekovic, Capt. Marko, LLC, Michael Ivic, Carolyn K. Falgout, and Westside Oyster Farms, Inc.

AND

SCANDURRO & LAYRISSON, L.L.C.

   /s/ Dewey M. Scandurro
Dewey M. Scandurro, Bar #23291, T.A.
Timothy D. Scandurro, Bar #18424
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199

AND

LAW OFFICE OF JAMES F. GASQUET, III, A LIMITED LIABILITY COMPANY

  /s/ James F. Gasquet, III         \_
James F. Gasquet, III, Bar No.26294
129 Chancellor Drive, P.O. Box 279
Belle Chasse, LA 70037
Telephone: (504) 394-5584
Michael Scott Ancar, Johnny Ancar, Doctor Beatrous Boats, L.L.C., Eagle Oysters, L.L.C., Grand Lake Oyster Company, Inc., Jennie V's Seafood, L.L.C., Napoleon Premium Oysters, L.L.C., and P & A Oysters, L.L.C., Craig W. Alexis and Evelyn B. Book, Roland T. Phillips, Marsha Phillips, Jonathan F. Phillips, Carolyn F. Gainey, Russel H. Gainey, and Darla K. Rooks

AND

WHALEY LAW FIRM

  /s/ John Randall Whaley         \_
JOHN RANDALL WHALEY
3112 Valley Creek Drive, Suite D
Baton Rouge, LA 70808
Telephone: 225.302.8810
Facsimile: 225.302.8814
La. Bar Roll No. 25930
jrwhaley@whaleylaw.com
Jure Slavic, Milenko Zibilich, Dome Zibilich, Katherine Ziblich, Cecilia Smith, Maria Nikolovski, Cecilia Rilovich, Hranislava S. Zibilich, Daniel M. Zibilich, Cecelia Z. Lanaux, Dome M. Milenko, Katherine M. Zibilich, Cecilia D. Ziblich, Ivo Bilich, Mary G. Bilich, and Bilich & Bilich Partnership

AND

COSSICH, SUMICH PARSIOLA & TAYLOR, LLC

  /s/ Mark E. Kaufman         \_
Brandon J. Taylor, #27662
btaylor@cossichlaw.com
Mark E. Kaufman, #32526
mkaufman@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Tel. (504)394-9000
Fax. (504)394-9110
Attorneys for Joyce Kurtich, Maya F. Thompson, Anita F. Cognevich, Matthew J. Farac, III, Raymond P. Armstrong, Jr., The Estate of Raymond P. Armstrong, Sr., J and R Oysters, LLC, Sammi Spence, Patsy Pannagl, John A. Tesvich, Tereza Tesvich, Domenica Cibilich, Luke Cibilich, Melissa C. Jorden, Port Sulphur Fisheries, Inc., TACO, Inc., AIT, Inc., Venture Oysters, Inc., Eva Vujnovich, Peter Vujnovich, Jr.

AND

BALLAY, BRAUD & COLON, PLC

  /s/ S. Jacob Braud         
S. JACOB BRAUD (28318)
8114 Highway 23
Belle Chasse, LA 70037
Telephone: (504) 394-9841
Facsimile: (504) 394-9945
Jaocb@NolaAttorneys.com
Counsel for Claimants C and G Oysters, Inc., Dixie Coast Oyster Company, David P. Cvitanovich, Teresa H. Cvitanovich, Oyster Eagle, L.L.C., Oyster Eagle 2, L.L.C., Raw Oysters, Inc., Damjan Tesvich, James Cappiello, Jeffrey P. Gallet, Jr., Kerry M. Despaux and Nedjelko Tesvich

AND

TOUZET LAW FIRM

   /s/ Jacque Touzet
Jacque Touzet (26535)
jacque@touzetlaw.com
Carolyn Hennesy (25089)
hennesylaw@gmail.com
825 Baronne Street
New Orleans, LA 70113
Telephone: (504)569-8689
Facsimile: (504)524-6335
Attorneys for Jozo Slavic and Matthew Slavic

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of February 2015, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Corey E. Dunbar
COREY E. DUNBAR