Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>Section: J |
| This filing relates to: *All Cases* | * * | Honorable Carl J. Barbier |
| (Including Civil Action No. 12-970) | * * * | Magistrate Judge Shushan |

------------------------------------------------------------

## ORDER REGARDING SETTLEMENT IMPLEMENTATION

CONSIDERING the unopposed motion of Class Counsel, the Economic and Property Damages Settlement Agreement, and the record in these proceedings:

**IT IS HEREBY ORDERED**:

1. That Mr. Patrick Juneau shall continue to serve as the Claims Administrator of the Court Supervised Settlement Program;

2. That all undefined terms used in this Order shall have the same meaning and definitions as those same terms contained in the Settlement Agreement;

3. That all claims-related information and data ("Claims Information") previously submitted to the Gulf Coast Claims Facility (the "GCCF") and all Claims Information submitted to the Transition Process shall be transferred to the Court Supervised Settlement Program;

4. That the Court Supervised Settlement Program is authorized to maintain such Claims Information for the duration of the claims administration process, and that such Claims Information is deemed "confidential" under Pre-Trial Order No. 13. However, nothing in this Paragraph 4 shall prevent the Claims Administrator from publicly reporting Claims Information that does not contain personally identifiable claimant information, (and such non-personally identifiable Claims Information shall not be considered "confidential" under Pre-Trial Order No. 13);

5. That the Claims Administrator is authorized to release copies of Claims Information submitted by the claimant to that claimant upon the written request of the claimant or the claimant's authorized representative;

6. That the Claims Administrator shall, on or around Jun 4, 2012, issue a status report to the Court documenting the transfer of claims and claims-related information, files and data, and shall thereafter issue a final report to the Court after the transfer of the Transition Claims, claims-related information, files and data is complete;

7. That the Claimant's signature on a Claim Form or on a Sworn Written Statement supporting a Claim can be an electronic signature, so long as the electronic signature is an individual, unique signature, and such electronic signature shall have the same legal effect for all purposes in connection with the Settlement as, and be deemed the equivalent of, a handwritten signature, subject to the requirements of Paragraph 8, below;

8. That Individual Release(s) signed by a Claimant must be signed by a handwritten signature. An electronic signature on an Individual Release is an insufficient form of execution, and causes the Individual Release to have no effect; and

9. That BP and Class Counsel shall have access to all Claims Files and Claims Information for any legitimate purpose including, without limitation, the operation of BP's separate OPA facility, prosecuting and defending appeals, reviewing and auditing the Settlement Program, reporting financial results, and pursuing indemnification, contribution, subrogation, insurance and other claims from third parties. However, BP and Class Counsel shall not have access to any individual Claim File for a Claim that is being processed and has not yet been resolved in the Settlement Program, except if the Claim File is needed by BP, a Claimant, or their counsel, to prosecute or defend an Appeal.

SIGNED at New Orleans, Louisiana this 22 day of May, 2012.

_____
Hon. Carl J. Barbier
United States District Court Judge