

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: *All Cases* | * | District Judge Carl J. Barbier |
| | * | |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Sally Shushan |
| | * | |
| | * | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[Regarding the Confidentiality of Claims Information of the Claims Administrator**
**of the Deepwater Horizon Economic and Property Damages Settlement Agreement]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the

Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order

in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's

continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages

Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Rec.

Doc. 6418), and being fully apprised:

**IT IS HEREBY ORDERED:**

1.      ***Defined Terms.***  All undefined terms used in this Order shall have the same
meanings given to such terms in the Economic and Property Damages Settlement Agreement (as
amended on May 2, 2012) ("Settlement Agreement").

2.      ***Claims Information.***  Pursuant to Paragraph 18 of the Court's March 8, 2012
First Amended Order Creating Transition Process (Rec. doc. 5995) and Paragraph 3 of the
Court's May 22, 2012 Order Regarding Settlement Implementation (Rec. doc. 6573), all claim
files and claims-related materials and data submitted to the Gulf Coast Claims Facility (the
"GCCF") and in the Transition Process have been transferred to the Claims Administrator.
Paragraph 4 of the Order Regarding Settlement Implementation directs that all such Claims

Information is deemed "confidential" under Pre-Trial Order No. 13 (Rec. doc. 641).  In addition, the Claims Administrator will receive and will generate claim files and claims-related materials and data relating to claims submitted to the Claims Administrator under the Economic and Property Damages Settlement Agreement that contain personal indentifying information and other private information regarding claimants that warrant protection from disclosure.

This Order refers to all such GCCF, Transition Process and Economic and Property Damages Settlement Agreement claim files and claims-related materials and data collectively as "Claims Information."

**3.** ***The Purpose of this Order.***  This Order defines the terms on which third parties may obtain access to Claims Information and the proper use of such information by any recipients of Claims Information, and modifies, amends and supercedes Pre-Trial Order No. 13 with respect to Claims Information.

**4.** ***Confidentiality of Claims Information.***  All Claims Information shall be kept confidential and shall not be disclosed except as allowed by this Order or subsequent Order of the Court.

**5.** ***Access by the Court.***  The Court and any special masters appointed by the Court, and the direct staff of the foregoing, shall have access to all Claims Information.

**6.** ***Access by Class Counsel and the BP Parties.***  Class Counsel and the BP Parties shall have access to Claims Information as provided in the Settlement Agreement and any Order of this Court (including previously entered Orders in connection with the Settlement Agreement).

**7.** ***Access by the Claims Administrator.***  The Claims Administrator shall have access to all Claims Information and has discretion to make use of Claims Information as the Claims Administrator deems necessary for the performance of his duties under the Settlement Agreement, including the provision of Claims Information to the Claims Administrator's staff and to Claims Administration Vendors, the Directed Trustee, the Lead Paying Agent, the Gulf Region Bank, the Appeal Panelists and other persons and entities engaged by the Claims Administrator to aid in the implementation of the Settlement Agreement.

**8.** ***Access by a Claimant and Provision of Claims Information to Recipients Authorized by the Claimant.***  A claimant (and any person expressly authorized by the claimant in writing substantially in the form of Appendix A to this Order) shall have access to the Claims Information regarding the claimant's claims in the Economic and Property Damages Settlement Program at such time and in such manner as granted at the discretion of the Claims Administrator as provided in the Settlement Agreement and any Order of this Court.

**9.** ***Provision of Claims Information to the National Pollution Funds Center.***  The Claims Administrator has the discretion and is permitted to provide, upon request and without the necessity of subpoena or other legal process, individual Claims Information to the National Pollution Funds Center, the Coast Guard office responsible for evaluating and approving claims

under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, with respect to a claimant who has submitted a claim to the National Pollution Funds Center, in connection with the exercise of its responsibilities under that statute.

10.     *Provision of Claims Information to the Department of Justice and Other Law Enforcement or Officials.*  The Claims Administrator in his discretion is permitted to provide, for a legitimate law enforcement purpose, upon request and without the necessity of subpoena or other legal process, Claims Information to the United States Department of Justice and other federal, state or local law enforcement agencies or officials, and their agents and representatives, in connection with the exercise of their fraud investigation or prosecution functions.

11.     *Provision of Claims Information in Response to Subpoenae or Other Legal Process.*  The Claims Administrator has the discretion and is permitted to provide Claims Information in response to subpoenae or other legal process received by the Claims Administrator requiring the production of Claims Information ("Legal Process").  Upon receipt of such subpoena or other legal process, the Claims Administrator shall provide notice to the claimant (and/or the claimant's attorney, if represented), and such claimant will be provided at least seven days from receipt of such notice in which to object.  If a claimant timely objects: (1) the claimant shall take any steps necessary to obtain final resolution of the objection, and the Claims Administrator shall not produce such information until notified of a final resolution of the objection; and (2) the Claims Administrator shall not be responsible for any proceedings relating to the objection.  This Court has continuing and exclusive jurisdiction over any proceedings regarding the validity, enforceability, scope, compliance and other issues regarding any Legal Process.  As required in the Claims Administrator's discretion, the requesting party shall be responsible for reimbursing the Claims Administrator for the reasonable costs of responding to Legal Process, including time spent in responding to the request, researching and producing the information and any testimony required.

12.     *Transfer of Claims Information to the Claims Administrator for the Medical Benefits Class Action Settlement.*  The Claims Administrator is permitted to transfer in a secure manner to the Claims Administrator for the Medical Benefits Class Action Settlement under the Medical Benefits Class Action Settlement Agreement (as amended on May 1, 2012) ("Medical Benefits Settlement Agreement") a copy of the Claims Information in his possession relating to personal or bodily injury claims by claimants who were not on the *Deepwater Horizon* on April 20, 2010, and who submitted claims for personal or bodily injury to the GCCF and/or to the Transition Process.  After transfer to the Medical Benefits Claims Administrator, any such files or materials in the custody of the Medical Benefits Claims Administrator shall no longer be deemed to be Claims Information under this Order, but shall remain subject to the confidentiality provisions in the Medical Benefits Settlement Agreement and any Orders applicable to such Agreement.  The Medical Benefits Claims Administrator shall:  (a) treat all such transferred Claims Information as confidential, consistent with sections VI.E, VII.E, and VIII.D of the Medical Benefits Settlement Agreement; (b) limit its use of such transferred Claims Information to the extent necessary for the administration of the Medical Benefits Settlement Agreement according to its terms, including processing claims for benefits and the determination of the fact and amounts of any liens, claims, or rights of subrogation, indemnity, reimbursement,

conditional or other payments, or interests of any type; and (c) issue a report to the Court after the transfer of the copy of such Claims Information is complete.

13.   *Use of Claims Information.*   All persons receiving any Claims Information pursuant to this Order ("Authorized Recipients") shall use such information only for the purpose for which the Authorized Recipient was permitted to receive the Claims Information.  Each Authorized Recipient may disclose the Claims Information to such other persons as is reasonably necessary for the implementation of such purpose, including experts, consultants, counsel, and other advisors, and the direct staff of any of the foregoing.   All such persons shall take such steps as are necessary to preserve the confidentiality of Claims Information and shall use such Claims Information solely for the purpose for which the person was permitted to receive it.

14.   *Certifications Required of Certain Recipients of Claims Information.* Before disclosing Claims Information pursuant to Paragraphs 7, 9, 10 or 11 of this Order, the Claims Administrator shall require the potential recipient to execute and submit to the Claims Administrator a signed Certification substantially in the form of Appendix B to this Order in which the recipient agrees to be bound by this Order, to submit to the jurisdiction of this Court for purposes of enforcing this Order, and to use the Claims Information only for the purpose for which the recipient was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.  The Claims Administrator shall have no obligation to disclose any Claims Information to any potential recipient until such recipient has submitted an executed Certification.  An agency or other entity may provide one Certification applicable to all instances in which the agency or entity would be permitted access to Claims Information under this Order. The Claims Administrator has the discretion to make arrangements with a requesting party in the alternative to the Certification as the Claims Administrator deems necessary and efficient to secure the protection of the confidentiality of Claims Information.  The Claims Administrator shall maintain a log of all recipients who have executed a Certification or made alternative arrangements and shall make that log available for inspection to the Court, Class Counsel and counsel for the BP Parties upon request.

15.   *General and Statistical Information*. General and statistical information regarding claimants and claims under the Economic and Property Damages Settlement that does not reveal the identity of any particular claimant shall not be considered to be Claims Information subject to this Order.

16.   *Method of Access.*  The Claims Administrator has the discretion to determine the method by which to provide Claims Information to Authorized Recipients under the terms of this Order.

17.   *Responses to Legal Proceedings.*  Nothing in this Order shall prohibit or restrict the ability of the Claims Administrator to use Claims Information to respond to any suit or other legal proceeding initiated by a claimant or as necessary to enforce the terms of the Settlement Agreement or any Order of the Court as to a claimant or group of claimants.

**18.** *Exclusive Retained Jurisdiction.* This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

New Orleans, Louisiana, this 29th day of June, 2012.

**Honorable Carl J. Barbier**
**United States District Court Judge**

**APPENDIX A**

| AUTHORIZATION FOR RELEASE OF CLAIMS INFORMATION |
|---|

| **A.  Claimant** | | | |
|---|---|---|---|
| **Name:** | Last Name | First Name | Middle Initial |
| **Name of Business**(If Claimant is a Business) **:** | Full Name of Business | | |
| **Deepwater Horizon Settlement Program Claimant Number:** | | | |

| **B.  Authorized Recipient** | | | |
|---|---|---|---|
| **Name:** | Last Name | First Name | Middle Initial |
| **Organization:** | Full Name of Organization | | |
| | Street | | Apt/Suite/Unit |
| | City | State | Zip Code |
| | Telephone | Email | |

| **C.  Signature** |
|---|

I authorize the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement to release to the Authorized Recipient named above all information and documents regarding any claim I have submitted to the Claims Administrator or that I previously submitted to the Gulf Coast Claims Facility or the Transition Process.   My consent to release of my claims information and documents shall continue to be in force and effect unless and until I notify the Claims Administrator in writing that I revoke this authorization.

| | | | |
|---|---|---|---|
| **Signature:** | | | |
| **Name of Person Signing** | Last Name | First Name | Middle Initial |
| **Title** (If Claimant is a Business) | | | |
| **Representative Capacity** (If Claimant is Deceased, a Minor, or Legally Incapacitated)**:** | | | |
| **Date:** | _____/_____/_____  (Month/Day/Year) | | |

**APPENDIX B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * | MDL No. 2179 |
| | * | Section: J |
| | * | |
| This filing relates to: *All Cases* | * | Honorable Carl J. Barbier |
| | * | |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

## CERTIFICATION REGARDING CONFIDENTIALITY OF CLAIMS INFORMATION

I hereby certify as follows:

1.  I have read the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Confidentiality Order") entered by this Court in the above-captioned action.

2.  I understand the terms of the Confidentiality Order.

3.  I agree to be bound by the Confidentiality Order.

4.  I agree to submit to the jurisdiction of this Court for purposes of enforcing the Confidentiality Order.

5.  I agree to use any Claims Information provided to me by the Claims Administrator solely for the purpose for which I was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.

6.  Before I disclose Claims Information to any member of my staff or any expert, consultant or other advisor, I shall provide such person with a copy of the Confidentiality Order and shall take such steps as are necessary to secure compliance by such person with the Confidentiality Order.

| **Signature** | | **Date** | _____/_____/_____ <br> (Month/Day/Year) |
|---|---|---|---|
| **Name** | Last Name | First Name | Middle Initial |
| **Organization** | | | |