UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: SWIFT ENERGY COMPANY, ET AL. | CIVIL ACTION |
| | NO. 13-5552 |
| | SECTION "L" (2) |

**ORDER & REASONS**

Before the Court is Limitation Petitioner[1] Swift Energy Company's Objection to Magistrate Judge's Order on the Motion to Compel. (Rec. Doc. 150). Having considered the applicable law and the parties' briefs, the Court now issues this order and reasons.

**I.   BACKGROUND**

This action stems from the February 26, 2013 collision of the M/V SEA RAIDER, owned by Limitation Petitioner, with an oil well in the Lake Washington Field. This collision released an amount of oil and contaminated water into the field. Claimants seek to recover from Limitation Petitioner for physical damage to oyster beds and water bottoms that they allege was caused by this incident. Discovery is ongoing in this dispute. As part of discovery, Limitation Petitioner propounded interrogatories and requests for production of documents aimed and discerning what, if any, claims the claimants had previously made as a part of the BP Macondo Oil Well spill. To this end, it propounded the following discovery requests:

---

[1] For the sake of clarity, the Court will refer to the parties as the "Limitation Petitioner" and the "Claimants." As the Court has discussed in prior status conferences, if claims under the Oil Pollution Act are pursued here, that course of action may well operate to break the concursus aspect of the limitation proceedings. *See In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 595 n.16 (5th Cir. 2008) (citing *Complaint of Metlife Capital Corp.*, 132 F.3d 818, 822 (1st Cir. 1997) (holding that the Limitation Act does not apply to claims brought under the Oil Pollution Act)). Presently, the Court only notes the apparent conflict between OPA and the Limitation Act and defers any ruling on the issue until a more appropriate time, as it is not yet clear whether OPA claims will be pursued.

> **INTERROGATORY NO. 9:**
> If you submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim center arising out of the BP Macondo Oil Well spill, please state your claim number(s); identify all documents you prepared and submitted in connection with your claim; and identify the total amount you received.
>
> **REQUEST FOR PRODUCTION NO. 6:**
> If you submitted a claim to the Gulf Coast Claims Facility and/or the Deepwater Horizon Claim Center arising out of the BP Macondo Oil Well Spill, please and produce all documents and information that you submitted to support your claim; all documents received from the Gulf Coast Claims Facility in response to your claim; and all documents evidencing your settlement of said claim.

Claimants objected to this discovery, averring that it was irrelevant and confidential. Swift moved to compel responses. (Rec. Doc. 128). The Magistrate Judge denied the motion to compel without reasons. (Rec. Doc. 144).

## II.   PRESENT MOTIONS

Limitation Petitioner objects to the ruling of the Magistrate, and has therefore filed this motion. (Rec. Doc. 150). It argues that the information requested is directly relevant to determining the causation of damages to claimant's oyster beds, as the information will allow it to determine the extent of any pre-existing damage. Limitation Petitioner states that any orders issued by Judge Barbier in the BP litigation regarding confidentiality of settlement documents were directed at the Claims Administrator, not the individual claimants, and that the purported confidentiality of these documents has no bearing on their discoverability. Swift further argues that this information would be helpful in facilitating settlement negotiations.

Claimants respond, asserting that the information requested is irrelevant and confidential. (Rec. Doc. 166). They assert that because they did not have to prove damages as a part of their BP settlement claim, the documents are irrelevant in determining damages here. They further argue that orders issued by Judge Barbier regarding the confidentiality of such documents operate to prevent their discovery in this case.

By leave of court, Third-Party Defendants Wood Group PSN, Inc. and Corvan J. Robichaux filed a Memorandum in Support of Limitation Petitioner's Objection. (Rec. Doc. 167). Third-Party Defendants make further arguments concerning the relevancy of the disputed documents, specifically providing to the Court an analysis of the effect of any past environmental disruptions on the lifecycle of an oyster. They argue that documents detailing past damage to the oyster beds are analogous to a request for past medical records in a personal injury case. They finally re-assert Swift's arguments that Judge Barbier's BP orders regarding claims file confidentiality do not prevent the discovery of that information.

By leave of Court, Limitation Petitioner filed a Reply Memorandum in Support of its Objection. (Rec. Doc. 168). Therein, it argues that because the Magistrate's ruling did not give reasons, the Court should subject it to a *de novo* review.

### III.   LAW & ANALYSIS

#### A.   Standard

A party can appeal a magistrate's ruling on a non-dispositive motion to the district court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. "The district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See generally Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) ("Section 636(b)(1)(A) specifically requires the district court to apply a 'clearly erroneous' standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion."). "Under this deferential standard, a magistrate judge's decision must be affirmed unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (*quoting United State v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed 746 (1948)).

B. **Discovery Standard**

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Under this rule, "the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). "A request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

Without making a determination as to the admissibility of such documents at trial, the Court finds that the information requested by Limitation Petitioner in the contested interrogatories and requests for production is relevant to the present litigation. As pointed out by Third-Party Defendants Wood Group PSN, Inc. and Corvan J. Robichaux, information on the health of the oyster beds at the time of the oil spill at issue in this case is akin to the previous medical history of the plaintiff in a personal injury case. Such information may be likely contained in the BP claims files that the claimants seek to withhold. As noted by Third Party Defendants, though BP claimants did not have to prove damages as part of a settlement claim, they certainly had to allege some loss of income to receive compensation. The claims files will likely contain a description of the damages alleged. The discovery requests are therefore relevant and reasonably calculated to lead to the discovery of admissible evidence, as required by Rule

4

26. Further, this information will be helpful to all parties in evaluating the causation of the damages claimed by Claimants.

Claimants have attempted to use confidentiality orders issued by Judge Barbier in the BP litigation to shield their claims files from discovery. This argument fails for two reasons. First, the orders cited by Claimants are aimed at ensuring confidentiality on the part of the Claims Administrator, not the individual BP claimants. Individual claimants may obtain a copy of their claims file and forward it to the Limitation Petitioner as part of discovery in this independent case without running afoul of Judge Barbier's orders. Order Regarding Settlement Implementation at ¶ 5, Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico On April 20, 2010, (No. 2:10-mdl-02179) (Rec. Doc. 6573) (Ordering that copies of claims information must be released to claimants upon their written request).  Second, there is a distinction between "confidential" information and "privileged" information. "The only relevant exception to the scope of discovery rule is when the material to be discovered is covered by a *privilege*." *Glaze v. G & B Marine, Inc.*, No.. 95-1845, 1997 WL 20738, at *1 (E.D. La. Jan. 16, 1997) (emphasis added). Though claimants have repeatedly asserted that the information requested is confidential, they have not pointed the Court to any law making them privileged. Because this information is relevant and unprivileged, the Court is left with a "definite and firm conviction" that it should be included in discovery.

Even though the information is not privileged, the Court acknowledges Claimant's contention that it is sensitive. The Court further notes that the Limitation Petitioner has indicated that it would agree to a protective order. (Rec. Doc. 150). Therefore, once Swift obtains access to claimants' BP claim documents, Swift shall only use those documents for the purposes of this litigation and may not use those documents for any other purpose.

## IV.     CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that Limitation Petitioner's Objection to Magistrate Judge's Order on the Motion to Compel (Rec. Doc. 150) is **GRANTED AS EXPLAINED HEREIN** and the Magistrate Judge's January 14, 2015 order (Rec. Doc. 144) is **REVERSED IN PART**, insofar as it denies Swift's Motion to Compel Responses to Interrogatory No 9 and Request for Production No. 6.

**IT IS FURTHER ORDERED** that Claimants respond to Interrogatory No. 9 and Request for Production No. 6.

New Orleans, Louisiana, this 19th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE