UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: SWIFT ENERGY COMPANY, ET AL. | CIVIL ACTION |
| SEVERED CLAIM: <br> TERRANCE M. SHELLEY V. <br> SWIFT ENERGY COMPANY, ET AL. | NO. 13-5552 <br><br> SECTION "L" (2) |

## ORDER AND REASONS

Before the Court are two Motions for Partial Summary Judgment by Plaintiff Terrance M. Shelley ("Plaintiff"), R. Docs. 381 and 387, and a Motion for Summary Judgment by Defendants Swift Energy Company and Swift Energy Operating, LLC ("Defendants"), R. Doc. 385. Defendants filed oppositions to Plaintiff's motions, R. Docs. 392 and 393.  Plaintiff filed replies to Defendants' oppositions, R. Docs. 398 and 400. Oral argument on all three motions took place on Wednesday, July 21, 2021 at 9:00 a.m. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

    I.     BACKGROUND

This case arises from a 2013 incident in which Defendants' construction of a canal and levee allegedly damaged the oyster leases of various plaintiffs. The original case *In Re: Swift Energy Company, et al.* was resolved in August 2016 on all claims except Plaintiff's instant claim, which was severed in April 2015. R. Doc. 324. Plaintiff's severed claim alleges that Defendants' dredging irreparably destroyed an oyster bed in Plaquemines Parish, Louisiana that Plaintiff possessed under an oyster lease issued by the Louisiana Department of Wildlife and Fisheries. R. Doc. 206 at 1. Plaintiff seeks damages for (1) loss of income due to the inability to harvest and sell oysters; (2) increased mortality and other damage to oyster leases and water bottoms, including the lost value of oysters; (3) diminution of the value of Plaintiff's leasehold

interests; and (4) restoration and replacement costs of natural resources damaged or destroyed. R. Doc. 206 at 2.

Defendants point out that in separate proceedings in 2013, Plaintiff received settlement payments for economic damages to his oyster leases due to the 2010 BP oil spill ("BP oil spill"). R. Doc. 381-1 at 5. Additionally, in 2015, Plaintiff, among others, received a settlement payment for damages to his oyster leases due to an oil spill caused by a contractor of Defendants' in 2013 ("Swift oil spill"). R. Doc. 381-1 at 3. However, Plaintiff alleges that this settlement only addressed damages to his other oyster leases, not the oyster lease at issue here. *Id.*

In December 2015, Defendants filed voluntary bankruptcy petitions that stayed this matter. R. Doc. 317. In March 2019, the United States Bankruptcy Court for the District of Delaware entered an Agreed Order that lifted the automatic stay of proceedings against Defendants to permit Plaintiff to: "(i) adjudicate his claims for damages to his oyster leases in the Action against Swift to a judgment in the District Court for the Eastern District of Louisiana; and (ii) execute or enforce any judgment obtained as to Swift against only the insurers of those companies owing Swift indemnification arising out of the occurrence made basis of the Action." R. Doc. 331-1 (see attached). Subsequently, the parties filed an *Ex-Parte* Motion to Reopen Proceedings, R. Doc. 331, which the Court granted, R. Doc. 332. Since reopening these proceedings, the parties have engaged in discovery and have unsuccessfully attempted to reach a settlement. The parties have each filed motions for summary judgment.

## II.     PRESENT MOTIONS

### a.  *Plaintiff's First Motion for Partial Summary Judgment*

Plaintiff moves for summary judgment on Defendants' fifth, seventh, tenth, and eleventh affirmative defenses. R. Doc. 381 at 1. Alternatively, Plaintiff moves to strike these affirmative

defenses. *Id.* at 2. The affirmative defenses allege that the damage to Plaintiff's oyster lease predated Defendants' canal construction and was caused by other incidents, and that Plaintiff cannot now recover because he has already recovered for those earlier incidents. Plaintiff argues these affirmative defenses are based on irrelevant facts and violate rules of evidence.

### b. *Plaintiff's Second Motion for Partial Summary Judgment*

Plaintiff moves for partial summary judgment on, or alternatively to strike, Defendants' sixth affirmative defense, which alleges that Plaintiff did not mitigate his damages. R. Doc. 387 at 1.

### c. *Defendants' Motion for Summary Judgment*

Defendants move for summary judgment on all of Plaintiff's claims, arguing that Plaintiff is precluded from recovering due to admissions made in prior claims and because Plaintiff has already received compensation for the damages he alleges. R. Doc. 385 at 1. Defendants also argue Plaintiff has not produced sufficient evidence of the damages he alleges. *Id.* at 2.

## III. APPLICABLE LAW

### a. *Summary Judgment Under Rule 56*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

### b.  *Striking Affirmative Defenses Under Rule 12*

Under Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] plaintiff desiring early resolution of an affirmative defense may seek to strike it" under Rule 12(f). *C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). To prevail on a motion to strike an affirmative defense, which are "generally disfavored," a party must show that the affirmative defense is "insufficient as a matter of law."

4

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Moreover, "motions to strike are not be granted 'in the absence of a showing of prejudice to the moving party.'" *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)).

## IV. DISCUSSION

### a. *Plaintiff's First Motion for Partial Summary Judgment*

Plaintiff moves for summary judgment on Defendants fifth, seventh, tenth, and eleventh affirmative defenses, or alternatively to strike these defenses. R. Doc. 381. The gist of these affirmative defenses is that the damage to Plaintiff's oyster lease pre-existed Defendants' dredging and that Plaintiff cannot recover because he already received settlement payments for the 2010 BP oil spill and the 2013 Swift oil spill.

In the affirmative defenses at issue, Defendants allege as follows. Defendants' fifth affirmative defense states "Plaintiff's alleged damages, if any, were caused or contributed to by the neglect or fault of others for whom Defendants are not legally responsible." R. Doc. 266 at 3. The seventh defense states "[t]he alleged damage to Plaintiff's oyster lease . . . was not the result of the incident as described in Plaintiff's Counterclaim, but rather preexisted or occurred prior to or subsequent to the alleged incident, and/or [has] no causal connection to the alleged accident." *Id.* The tenth defense states "if Swift was negligent . . . then that negligence or fault should be reduced by other parties' and/or non-parties' negligence or fault, and all damages against Swift should be reduced accordingly." *Id.* at 3-4. The eleventh defense states "Alternatively, Swift is entitled to a set-off and/or credit for all payments made to or on behalf of Plaintiff by any source,

collateral or otherwise, and specifically pleads settlement and accord and satisfaction to all claim of damages made by Plaintiff in this severed action." *Id.* at 4.

Plaintiff alleges that these affirmative defenses are invalid as a matter of law. R. Doc. 381-1 at 7. Plaintiff alleges that the settlements Plaintiff has already received—for losses to all of his oyster leases from the 2010 BP oil spill and for damage to his other leases, but not the one at issue here, from the 2013 Swift oil spill—have nothing to do with the damage to this particular oyster lease that Plaintiff alleges in this severed claim. *Id.* Plaintiff further alleges that Defendants violated the collateral source rule with the assertion, in Defendants' eleventh affirmative defense, that payments from any source, collateral or otherwise, should offset any recovery by Plaintiff. *Id.* at 10. Moreover, Plaintiff alleges that the affirmative defenses at issue could only be based on evidence of prior settlement agreements, which is inadmissible under Federal Rule of Evidence 408. *Id.* at 11. Finally, Plaintiff alleges that the defense of "accord and satisfaction" does not apply because the prior settlements Plaintiff received do not relate to the damages Plaintiff now claims. *Id.* at 12.

In opposition, Defendants argue that Plaintiff's past admissions related to his prior recoveries for the two oil spills reveal that this claim is Plaintiff's third attempt to recover for damage to the same oyster lease. R. Doc. 392 at 1. Defendants argue that Plaintiff's prior admissions and claims, and the prior settlements Plaintiff received, are admissible. *Id.* at 2. Defendants also argue that Plaintiff has not shown that Defendants' affirmative defenses will prejudice Plaintiff, and thus Defendants' affirmative defenses should not be stricken. *Id.* at 5. Defendants argue that evidence of Plaintiff's prior statements and settlements are relevant to his claim here because they show that Plaintiff previously alleged damages to this same oyster lease. *Id.* at 7. Defendants further argue that the collateral source rule does not apply because

Defendants do not seek a dollar credit against Plaintiff's prior recoveries, the rule only applies to compensation received for the same injury (and Plaintiff claims distinct injuries here), and the Fifth Circuit has not adopted the rule as a complete bar to collateral source evidence. *Id.* at 10-11. Defendants further argue that Federal Rule of Evidence 408 does not apply because the claims Plaintiff seeks to exclude do not arise from the same incident at issue here. *Id.* at 13.

The Court finds that genuine disputes of material fact remain regarding these affirmative defenses. The parties have produced conflicting evidence on whether Plaintiff's prior claims alleged physical damage to this oyster lease, whether the settlements Plaintiff received for those claims addressed such damage, and the extent to which the dredging alleged here newly damaged Plaintiff's oyster lease. Given these remaining factual disputes, summary judgment is not appropriate. The Court also finds that striking the defenses would be inappropriate because Plaintiff has not shown that the defenses are "insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

      **b.** *Plaintiff's Second Motion for Partial Summary Judgment*

Plaintiff moves for partial summary judgment on, or alternatively to strike, Defendants' sixth affirmative defense. This defense alleges that Plaintiff owns or has an interest in other oyster leases and cannot recover for damage to the lease at issue because he failed to mitigate his damages by cultivating oysters in those leases. R. Doc. 387-1 at 1-2. The defense states that "Plaintiff has failed to properly mitigate his damages," and Defendants cite an expert biologist's finding that Plaintiff's other oyster leases could have been productive. *Id.* at 4. Plaintiff argues this defense is unavailable because, under maritime law, the purpose of compensation for property damage is to make the victim whole and Plaintiff has suffered damages to this oyster

7

lease regardless of his other leases. *Id.* at 7. Plaintiff also alleges that a state moratorium on oyster leases prevented him from getting replacement leases. *Id.* at 9.

In their opposition, Defendants argue that there remains a genuine dispute as to whether Plaintiff failed to mitigate his damages. R. Doc. 393 at 1. Defendants assert that they have produced evidence showing that Plaintiff failed to mitigate his damages, including evidence that the oyster lease at issue was not completely destroyed and that Plaintiff had other leases available to cultivate oysters and could have obtained more leases despite the moratorium. *Id.* at 3, 10. Defendants also argue that Plaintiff has not shown sufficient grounds to strike this defense because Plaintiff has not shown the defense is insufficient as a matter of law or that he will be prejudiced by the defense. *Id.* at 7.

The Court finds that genuine disputes of material fact remain regarding mitigation of damages. The parties have produced conflicting evidence on the extent to which Plaintiff could have recouped his alleged losses by cultivating oysters on other oyster leases or on unaffected parts of this lease. Given these disputes, summary judgment is not appropriate. The Court also finds that striking the defenses would be inappropriate because Plaintiff has not shown that the defenses are "insufficient as a matter of law." *Kaiser*, 677 F.2d at 1057.

    c. *Defendants' Motion for Summary Judgment*

Defendants argue that Plaintiff is precluded from recovering because of admissions made in prior claims and because Plaintiff has already received compensation for his alleged damages. R. Doc. 385 at 1. Defendants assert that this is the third time Plaintiff has tried to recover for damages to this oyster lease, the first being after the BP oil spill and the second after the Swift oil spill. *Id.* at 1-2. Defendants further argue that Plaintiff has not produced sufficient evidence to prove the damages he now alleges because his claim relies solely on his own testimony. *Id.* at 2;

8

R. Doc. 385-1 at 2, 11. Defendants assert that Plaintiff certified to the Internal Revenue Service in 2017 (four years after the dredging that Plaintiff now alleges destroyed his oyster lease) that he could not cultivate any oysters on the lease due to damage from the BP oil spill, and that Plaintiff made the same claim after the Swift oil spill. R. Doc. 385-1 at 9-10. Thus, Defendants argue, having claimed the oyster lease was previously destroyed and without having produced sufficient evidence of new damages, Plaintiff cannot recover again for the destruction of the lease.

At oral argument, Plaintiff responded that the prior settlements he received did not require proof of physical damage to this oyster lease and that the dredging caused new physical damage to the lease. Thus, Plaintiff argues, Defendants have not proven that Plaintiff previously received compensation for the damage to the lease.

The Court finds that genuine disputes of material fact remain regarding Plaintiff's claims. The parties have produced conflicting evidence on whether Plaintiff's prior settlements were based on physical damage to Plaintiff's oyster lease, the extent to which the dredging newly damaged Plaintiff's oyster lease, and the extent to which Plaintiff has been made whole for these losses. The parties' arguments on these issues are based on facts that must be determined at trial rather than at the summary judgment stage.

## V.     CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Partial Summary Judgment, R. Doc. 381, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Partial Summary Judgment, R. Doc. 387, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 385, is **DENIED**.

New Orleans, Louisiana, this 21st day of July, 2021.

                                                UNITED STATES DISTRICT JUDGE